IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRELL MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 17-cv-965-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Terrell McGee's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Motion is **DENIED**.

## Factual and Procedural Background

Between June 2010 and July 2010, McGee and his co-conspirators robbed a grocery store and a gas station. His co-conspirators shot bystanders during both robberies. McGee was indicted on two counts of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (C)(i). *See United States v. McGee*, 15-cr-30075, Doc. 1. He pleaded guilty under the terms of a plea agreement and was sentenced to 300 months in prison – below the Sentencing Guidelines range of 483 to 498 months. McGee filed a notice of appeal, but his counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967) was granted and his appeal was dismissed. *See United States v. McGee*, 750 Fed.Appx. 489 (7th Cir. 2019).

In his § 2255 motion and multiple supplements, McGee raises three general claims: (1) ineffective assistance of counsel; (2) the Court failed to comply with Federal Rule of Criminal Procedure 11 in conducting the change of plea hearing and assessing the voluntariness of his plea; and (3) he was not fully advised of his Miranda rights in violation of the Fifth Amendment during his interrogation by law enforcement.

## Standard of Review

An action brought under 28 U.S.C. § 2255 attempts to collaterally attack a sentence outside of the traditional avenue of appeal. As such, § 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

In considering a § 2255 motion, the district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, this Court concludes that the issues presented can be decided on the existing record; an evidentiary hearing is not necessary.

## Discussion

### Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right encompasses the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th

Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then determine whether Counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of counsel's performance is "highly deferential[,] ... indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To satisfy the second prong, the petitioner must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The petitioner need not show that Counsel's deficient performance "more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

McGee's ineffective assistance of counsel allegations fall into three general categories: (1) Counsel failed to fully inform him of the terms of the plea agreement and failed to advise him of the rights he was waiving by pleading guilty; (2) Counsel was ineffective during the plea process – advising that his 5K reduction would be greater and that the judge was only going to sentence

him to 5 years; and (3) Counsel intimidated McGee into agreeing to a proffer interview with the Government.

Here, the Court conducted a careful colloquy with McGee (under oath) pursuant to Federal Rule of Criminal Procedure 11 prior to accepting his guilty plea to ensure that he was knowingly and voluntarily choosing to plead guilty and understood the terms of his plea agreement with the Government:

> Q. All right. Have you been provided with a copy of the Indictment in this case?
> A. Yes, ma'am.
> Q. In other words, the written charges against you?
> A. Yes.
> Q. And have you had a chance to review that Indictment and your case in general with Mr. Stobbs?
> A. Yes, ma'am…

(Doc. 19-1, p. 4,).

> Q. It's my understanding that you wish to plead guilty to each of the six counts of the Indictment; is that correct?
> A. Yes, ma'am.
> Q. Mr. McGee, I have been provided with a copy of -- or with the actual Plea Agreement negotiated between yourself and the Government in this case. Is that your signature on the last page of that document?
> A. Yes, ma'am.
> Q. And did you have a sufficient chance and opportunity to review the terms of that Plea Agreement with Mr. Stobbs before you signed it?
> A. Yes, ma'am…

(Doc. 19-1, p. 6).

> Q. Also, as part of the Plea Agreement, you have agreed to waive certain appeal rights and the collateral attack rights. Did you have a chance to discuss those waivers with Mr. Stobbs?
> A. Yes, ma'am.

(Doc. 19-1, p. 9).

The Court will not presume that McGee was lying under oath; his responses during the plea colloquy demonstrate that he fully understood the proceedings and that he was knowingly, voluntarily, and competently entering a guilty plea.

Next, McGee claims his counsel told him prior to his guilty plea that the judge stated she was going to sentence him to only 5 years. But a defendant cannot establish ineffective assistance of counsel based upon "naked assertions" that his attorney failed to properly advise him in plea decisions. *Galbraith v. United States,* 313 F.3d 1001, 1008-09 (7th Cir. 2002). Further, "mere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." *United States. v. Rodriquez-Luna*, 937 F.2d 1208, 1214 (7th Cir. 1991). McGee provides no evidence substantiating his allegations nor does he provide specific details to allow the Court to begin inquiry into the veracity of his claims.

Finally, McGee claims – without any evidence – that Counsel intimidated him into a proffer interview with the Government. Again, McGee's bare assertions are unsupported by actual proof and therefore lack merit.

### Rule 11 Violation

McGee claims that the Court did not comply with Rule 11 in conducting the change of plea hearing and assessing the voluntariness of his plea. The record reflects that McGee was asked whether there was anything preventing him from being able to think clearly and understand the proceedings (Doc. 19-1, p. 4). The Court ensured that McGee understood the charges against him, the trial rights he was forgoing, the terms of the plea deal, and the possible punishment associated with the charges against him (*see* Doc. 19-1, pp. 4-7). McGee stated in the affirmative that he had a sufficient chance and opportunity to review the terms of the agreement with counsel and agreed to plead guilty. Accordingly, this point is denied.

### Fifth Amendment

McGee alleges that his Fifth Amendment rights were violated because he was not fully advised of his *Miranda* rights before he was interrogated by law enforcement. (Doc. 3). The record

belies his claim. McGee was interviewed by agents from the Federal Bureau of Investigation. The interview, in which McGee fully confessed to his involvement in the two armed robberies, was audio and video recorded. His recorded statement clearly establishes that he was advised of his *Miranda* rights prior to being questioned by the agents, that he signed a written waiver acknowledging that he understood those rights, and that he knowingly and voluntarily waived his rights and agreed to speak to the agents (*see* Doc. 19-4). Thus, his Fifth Amendment rights were not violated.

## Conclusion

For the foregoing reasons, McGee's Petition is **DENIED**; this action is **DISMISSED with prejudice**. All pending motions are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, McGee must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

McGee has not made a substantial showing that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

DATED: February 2, 2022

**STACI M. YANDLE**
**United States District Judge**