IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRELL MCGEE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 17-cv-965-SMY |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Terrell McGee filed a habeas petition under 28 U.S.C. § 2255 raising claims of ineffective assistance of counsel and violations of Federal Rule of Criminal Procedure 11 and the Fifth Amendment. The Court denied the petition on February 2, 2022, and declined to issue a certificate of appealability (Doc. 30). Now pending before the Court is McGee's Motion for Certificate of Appealability (Doc. 35).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, McGee must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

McGee argues that he has made a substantial showing of a violation of his due process rights. The Court disagrees and finds that McGee has not made a substantial showing that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:  April 1, 2022**

**STACI M. YANDLE**
**United States District Judge**