IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRELL MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 17-cv-965-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Terrell McGee was sentenced to 300 months' imprisonment in August 2017. *See United States v. McGee*, 15-cr-30075, Doc. 175. McGee filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel, violations of Rule 11 of the Federal Rules of Criminal Procedure, and violations of his Fifth Amendment rights (Doc. 1). The Court denied his motion and dismissed the habeas petition with prejudice on February 2, 2022 (Doc. 30). Now pending before the Court is McGee's Motion for Reconsideration (Doc. 50).

"Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002). McGee moves for reconsideration over two years after his habeas petition was denied asserting that he has recovered his trial counsel's appellate brief which he claims establishes ineffective assistance of counsel.

McGee has already received a full round of collateral review. His motion for reconsideration is an unauthorized successive petition. *See United States v. Suggs,* 705 F.3d 279,

282 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal…. If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to … authorize the district court to hear it.").

Accordingly, McGee's Motion for Reconsideration Pursuant to Rule 60(b) (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 12, 2025**

**STACI M. YANDLE**
**United States District Judge**